IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ALAN BROWN, | No. 4:22-CV-01154 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WARDEN GLOVER, *et al.*, | |
| Defendants. | |

# MEMORANDUM OPINION

### AUGUST 23, 2022

Plaintiff Todd Alan Brown is currently in pretrial detention in a state correctional institution. Prior to being transferred into the state prison system, he was detained at Huntingdon County Prison in Huntingdon, Pennsylvania. Brown filed the instant *pro se* Section 1983[1] action concerning the alleged medical care (or lack thereof) he received at Huntingdon County Prison, asserting constitutional violations against various prison officials and medical staff. Because Brown fails to state a claim for relief against any Defendant, the Court will dismiss the complaint under 28 U.S.C. § 1915A(b)(1) but will grant Brown leave to amend.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.      STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

[2] *See* 28 U.S.C. § 1915A(a).
[3] *Id.* § 1915A(b)(1).
[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); cf. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Brown proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like Brown, is incarcerated.[14]

---

[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[8] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Iqbal*, 556 U.S. at 681.
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[14] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II.    DISCUSSION

Brown asserts that he was involved in an incident with police officers and suffered serious injuries from their use of excessive force, including a hematoma, facial contusion, broken left pinky finger, and a concussion.[15] He was hospitalized, and after he was discharged on December 21, 2021, he was taken to Huntingdon County Prison and remained there until February 3, 2022.[16]

Brown alleges that he received constitutionally deficient medical care while at Huntingdon County Prison. He avers that it took the prison 33 days to send him to an otolaryngologist outpatient appointment that should have been scheduled within three days after his release from the hospital.[17] He maintains that he fell unconscious "on the block" at one point but was not seen by medical or taken to the hospital, even though his discharge orders specifically stated that he should return to the emergency department if he lost consciousness.[18] He further alleges that it took the prison 44 days to send him to J.C. Blair Memorial Hospital to get surgery on his pinky finger, and this delay resulted in the need for general anesthesia so that his finger could be re-broken and set with pins.[19] Brown claims

---

[15]    Doc. 1 at 5.
[16]    *Id.* at 4.
[17]    *Id.*
[18]    *Id.*
[19]    *Id.*

4

that he suffered for 44 days before he received the necessary surgery on his finger.[20]

Brown appears to be raising a claim under the Fourteenth Amendment[21] for deliberate indifference to serious medical needs.[22] Brown names the following defendants in his lawsuit: Warden Brad Glover, Deputy Warden Daniel Weikert, nurse "Susan," an unidentified "doctor" at the prison, and grievance coordinator Lieutenant Rhone.[23] Brown, however, fails to plausibly allege personal involvement for most of these Defendants. As to the few Defendants for which he does allege personal involvement, Brown fails to plausibly state a medical deliberate indifference claim.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[24] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[25] Personal involvement can include direct

---

[20] *Id.*
[21] Because Brown is a pretrial detainee, his claims implicate the Fourteenth Amendment, not the Eighth. *See Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014).
[22] Although Brown identifies other constitutional provisions in his complaint, *see* Doc. 1 at 5 (citing Eighth and First Amendments), none of them apply to the allegations or Defendants at issue, nor are they developed in any way. The Court, therefore, focuses solely on the Fourteenth Amendment claim of deliberate indifference to serious medical needs.
[23] Doc. 1 at 1-3.
[24] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[25] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

5

wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[26]

Brown does not include any allegations that would establish personal involvement in the alleged constitutional violations by Glover, Weikert, or Rhone. As to Glover, Brown alleges only that he "talk[ed] to Glover" at some unspecified point in time and Glover said, "If you start shit Brown I am transferring you to SCI Smithfield."[27] Brown avers that he talked to Weikert three days before his transfer to SCI Smithfield and Weikert responded, "Brown your lawsuit ain't with us it's with the cops on what they did to you, not with the jail. Chill I'll help you get help I'll look up attorneys for you."[28] These allegations are plainly insufficient to establish personal involvement in the purported medical indifference. Brown does not state what he "talked" about with Glover and Weikert, nor does he identify when he spoke with Glover. Such sparse assertions fail to show knowledge of a medical need, denial of medical care, or any other type of indifference to Brown's medical conditions.

Brown's sole allegation as to Rhone is that he filed grievances and "Rhone lied and said the case was resolved" and that Rhone "fabricated a story."[29] Again,

---

[26] *Id.* (quoting *Rode*, 845 F.2d at 1207).
[27] Doc. 1 at 4.
[28] *Id.*
[29] *Id.*

6

such scant allegations fall far short of establishing personal involvement in a purported constitutional violation. Brown does not elaborate on what he communicated in his grievances or when those grievances were filed, nor does he assert against whom his grievances were lodged. Moreover, it is well settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[30]

Nevertheless, it is possible that Brown may be able to plead additional facts that might sufficiently state a claim of deliberate indifference to serious medical needs as to some or all three of these Defendants. Thus, the Court will dismiss the claims against Glover, Weikert, and Rhone but grant Brown leave to amend.

### B. Alleged Constitutional Violation

As previously noted, Brown is a pretrial detainee, so his claims implicate the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's cruel-and-unusual-punishment provision. However, it does not appear that the United States Court of Appeals for the Third Circuit has established or adhered to a different standard with respect to Fourteenth Amendment pretrial

---

[30] *See Dooley*, 957 F.3d at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

detainee medical indifference claims versus those raised by incarcerated individuals under the Eighth Amendment.[31] Accordingly, the Court will apply existing Eighth Amendment jurisprudence to Brown's Fourteenth Amendment medical indifference claims.

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[32] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[33] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[34]

---

[31] This remains so even following the Supreme Court of the United States' decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which established a different standard for pretrial detainee excessive force claims. *See Moore v. Luffey*, 757 F. App'x 335, 340 & n.2 (3d Cir. 2019) (nonprecedential) (rejecting plaintiff's argument to apply *Kingsley*'s holding to Fourteenth Amendment medical care claim and instead analyzing under Eighth Amendment jurisprudence); *see also Parker v. Butler County*, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); *Goode v. Giorla*, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); *Edwards v. Northampton County*, 663 F. App'x 132, 136-37 (3d Cir. 2016) (nonprecedential) (citing *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).

[32] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

[33] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

[34] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[35] Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[36] Claims sounding in mere medical negligence will not suffice.[37]

The only Defendants for which Brown includes allegations involving his purportedly deficient medical care is nurse "Susan" and an unspecified doctor at the prison. Yet Brown's allegations against these Defendants do not come close to plausibly pleading "unnecessary and wanton infliction of pain." His single contention is that this nurse and doctor told Brown they "don't know how [they] missed [his] finger."[38] Brown has not alleged any type of intentional refusal to provide care, denial of prescribed treatment, or denial of requests for treatment. He simply contends that the nurse and doctor failed to properly diagnose his broken pinky finger. Such threadbare allegations may possibly implicate medical negligence, but they fall far short of stating a claim for deliberate indifference to serious medical needs. Consequently, the Section 1983 claims against nurse Susan

---

[35] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[36] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[37] *Rouse*, 182 F.3d at 197.
[38] Doc. 1 at 4.

and the unspecified doctor must also be dismissed. Again, leave to amend will be granted with respect to these claims.

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[39] Brown's allegations are not frivolous, and he identifies serious medical needs that he claims went untreated for over a month. But Brown fails to establish personal involvement by the named Defendants in his allegedly deficient medical care. He repeatedly states that "Huntingdon County [Prison]" wrongfully delayed his medical treatment,[40] but the prison is not a "person" subject to Section 1983 liability,[41] nor could it take any action against Brown. He also fails to plead facts that would demonstrate deliberate indifference by any Defendant. Nevertheless, because Brown may be able to cure his pleading deficiencies, the Court will permit Brown to file an amended complaint—in accordance with this Memorandum—in the event that he

---

[39] *Grayson*, 293 F.3d at 114.
[40] Doc. 1 at 4.
[41] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

can aver facts that would plausibly state personal involvement and a constitutional violation.

## III. CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Brown's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted. Brown, if he is able, may file an amended complaint in accordance with this Memorandum. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge