IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ALAN BROWN, | No. 4:22-CV-01154 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WARDEN GLOVER, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**OCTOBER 12, 2022**

Plaintiff Todd Alan Brown is currently in pretrial detention in a state correctional institution. Prior to being transferred into the state prison system, he was detained at Huntingdon County Prison in Huntingdon, Pennsylvania. Brown filed the instant *pro se* Section 1983[1] action concerning the alleged medical care (or lack thereof) he received at the prison, asserting constitutional violations against various prison officials and medical staff. Brown's first complaint was dismissed but he was granted leave to amend. Currently pending is Brown's amended complaint. The Court will dismiss in part the amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[1]  42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.  **STANDARDS OF REVIEW**

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

[2]   *See* 28 U.S.C. § 1915A(a).  Section 1915A screening of amended complaints is likewise required.  *See Fields v. Venable*, 674 F. App'x 225, 228 (3d Cir. 2016) (nonprecedential) (noting that district court "fulfill[ed] its duty to screen" *pro se* prisoner's amended complaint).
[3]   *Id.* § 1915A(b)(1).
[4]   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); cf. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5]   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6]   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Brown proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like Brown, is incarcerated.[14]

---

[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[8] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Iqbal*, 556 U.S. at 681.
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[14] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II.     DISCUSSION

In his original complaint, Brown alleged that he was involved in an incident with police officers and suffered serious injuries from their use of excessive force, including a hematoma, facial contusion, broken left pinky finger, and concussion.[15] He was hospitalized, and after his discharge on December 21, 2021, he was taken to Huntingdon County Prison and remained there until February 3, 2022.[16]

Brown appears to be raising a claim under the Fourteenth Amendment[17] for alleged deliberate indifference to serious medical needs.  In his original complaint, he named as defendants Warden Brad Glover, Deputy Warden Daniel Weikert, grievance coordinator Lieutenant Rhone, nurse "Susan," and an unidentified "doctor" at the prison.[18]  In his amended complaint, he does not set forth the named defendants, and it appears that he is relying on his initial complaint to provide Defendants' names and titles.  Accordingly, the Court must determine—through review of Brown's amended pleadings—if he has stated a Section 1983 claim against any identified state actor.

---

[15]   Doc. 1 at 5.
[16]   *Id.* at 4; Doc. 11 at 1.
[17]   Because Brown is a pretrial detainee, his claims implicate the Fourteenth Amendment, not the Eighth.  *See Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014).
[18]   Doc. 1 at 1-3.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[19] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[20] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[21]

In his amended complaint, Brown does not include any allegations that would establish personal involvement by Weikert or Rhone in the purported constitutional violations. Thus, it appears that Brown has abandoned any claim against these Defendants and they will be dismissed from the instant action.

As to Glover, Brown alleges that he informed Glover (at some unspecified point in time) that he had not been taken to his scheduled medical appointments and Glover responded, "Brown if you start your shit and file grievances and [a] lawsuit I'll have your ass transferred to SCI Smithfield where you will get nothing."[22] Brown further avers that he believes "the Jail is under o[r]ders by the

---

[19] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[20] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
[21] *Id.* (quoting *Rode*, 845 F.2d at 1207).
[22] Doc. 11 at 6.

Warden Glover" and that Glover "tells them what [they can] and can't do."[23] These allegations are plainly insufficient to establish personal involvement in the purported medical indifference. Such sparse assertions fail to establish denial of medical care or deliberate indifference to Brown's medical conditions. Nor do they show personal direction or knowledge and acquiescence in a constitutional violation.

Therefore, the Court will dismiss the claims against Glover, Weikert, and Rhone. As this is Brown's second attempt to plead a claim against these Defendants and he is unable to aver facts that would state a Section 1983 cause of action, dismissal will be with prejudice.[24]

### B.     Alleged Fourteenth Amendment Violation

As previously noted, Brown is a pretrial detainee, so his claims implicate the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's cruel-and-unusual-punishment provision. However, it does not appear that the United States Court of Appeals for the Third Circuit has established or adhered to a different standard with respect to Fourteenth Amendment pretrial detainee medical indifference claims versus those raised by incarcerated

---

[23]  *Id.* at 7.
[24]  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that leave to amend may be denied due to "repeated failure to cure deficiencies by amendments previously allowed"); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019).

6

individuals under the Eighth Amendment.[25] Accordingly, the Court will apply existing Eighth Amendment jurisprudence to Brown's Fourteenth Amendment medical indifference claims.

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[26] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[27] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[28]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of

---

[25] This remains so even following the Supreme Court of the United States' decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which established a different standard for pretrial detainee excessive force claims. *See Moore v. Luffey*, 757 F. App'x 335, 340 & n.2 (3d Cir. 2019) (nonprecedential) (rejecting plaintiff's argument to apply *Kingsley*'s holding to Fourteenth Amendment medical care claim and instead analyzing under Eighth Amendment jurisprudence); *see also Parker v. Butler County*, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); *Goode v. Giorla*, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); *Edwards v. Northampton County*, 663 F. App'x 132, 136-37 (3d Cir. 2016) (nonprecedential) (citing *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).
[26] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[27] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[28] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[29] Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[30] Claims sounding in mere medical negligence will not suffice.[31]

      The only Defendants for which Brown includes allegations involving his purportedly deficient medical care is "nurse Susan" and an unspecified doctor at Huntingdon County Prison. In his amended complaint, Brown alleges that it took these medical providers 33 days to send him to a follow-up otolaryngologist appointment that these providers knew should have been scheduled within three days after Brown's release from the hospital.[32] He also claims that, upon admission to the prison, he underwent an initial health screening by the doctor and nurse Susan (the only nurse in the jail) and he showed them his broken left pinky finger.[33] Brown asserts that it took nurse Susan 44 days to schedule a follow-up appointment for this injury, resulting in serious pain, the need for a more complicated surgery, and loss of function in his finger.[34] Brown additionally alleges that he "fell unconscious" while at the prison but was never seen by

---

[29] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[30] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[31] *Rouse*, 182 F.3d at 197.
[32] Doc. 11 at 2.
[33] *Id.*
[34] *Id.* at 2-5.

medical or taken to an outside hospital despite having recently suffered serious head trauma.[35]

These allegations, taken as true, are adequate to state a claim of deliberate indifference to serious medical needs. Brown's Fourteenth Amendment claims against nurse Susan and the unidentified prison physician may move forward.

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[36] As explained above, the claims against Rhone, Weikert, and Glover will be dismissed with prejudice for failure to cure deficiencies by previous amendments allowed.

### III. CONCLUSION

Based on the foregoing, the Court will dismiss in part Brown's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[35] *Id.* at 4.
[36] *Grayson*, 293 F.3d at 114.