IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ALAN BROWN, | No. 4:22-CV-01154 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WARDEN GLOVER, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JUNE 14, 2023

Plaintiff Todd Alan Brown is currently incarcerated in a state correctional institution. Prior to being transferred into the state prison system, he was detained at Huntingdon County Prison in Huntingdon, Pennsylvania. Brown filed the instant *pro se* Section 1983[1] action concerning alleged lack of medical care at the prison, asserting constitutional violations against various prison officials and medical staff. Brown's initial complaint was dismissed but he was granted leave to amend. His amended complaint was partially dismissed. The two remaining medical defendants now move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.  STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[2] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[3] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[4]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[5] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[6] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[7] Finally, the court must review the presumed-truthful allegations "and

---

[2]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[3]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[4]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[5]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[6]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[7]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

then determine whether they plausibly give rise to an entitlement to relief."[8] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[9]

Because Brown proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[10] This is particularly true when the *pro se* litigant, like Brown, is incarcerated.[11]

## II.  DISCUSSION

In his original complaint, Brown alleged that he was involved in an incident with police officers and suffered serious injuries from their use of excessive force, including a hematoma, facial contusion, broken left pinky finger, and concussion.[12] He was hospitalized, and after his discharge on December 21, 2021, he was taken to Huntingdon County Prison and remained there until February 3, 2022.[13] Brown maintained that his medical care at the prison fell below constitutional standards.[14]

The Court screened Brown's initial complaint as required by 28 U.S.C. § 1915A.[15] The Court first determined that Brown had failed to allege personal

---

[8]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[9]  *Iqbal*, 556 U.S. at 681.
[10] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[11] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[12] Doc. 1 at 5.
[13] *Id.* at 4; Doc. 11 at 1.
[14] *See generally* Doc. 1.
[15] *See generally* Docs. 9, 10.

involvement for most of the named defendants.[16]  As to the two healthcare defendants, the Court found that Brown's allegations failed to state deliberate indifference to serious medical needs.[17]  Thus, the Court dismissed Brown's complaint but granted leave to amend.[18]

Brown then filed an amended complaint, again raising claims under the Fourteenth Amendment[19] for alleged deliberate indifference to serious medical needs.[20]  The Court screened the amended complaint pursuant to Section 1915A.[21]  The Court again dismissed the Section 1983 claims against the non-medical defendants, as Brown had failed to establish their personal involvement in the purported constitutional violation.[22]  The claims against the medical defendants— "nurse Susan" and an unidentified doctor—were permitted to proceed.[23]

Following identification of and service on the two healthcare defendants— nurse Susan Watkins and Dr. Mark Minor—both Defendants filed motions to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Brown opposed Watkins' motion[24] but did not respond to or oppose Dr.

---

[16]  *See* Doc. 9 at 6-7.
[17]  *See id.* at 7-10.
[18]  *Id.* at 10-11.
[19]  Because Brown was a pretrial detainee at the time of the events, his claims implicate the Fourteenth Amendment, not the Eighth.  *See Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014).
[20]  *See generally* Doc. 11.
[21]  *See generally* Docs. 16, 17.
[22]  *See* Doc. 16 at 5-6.
[23]  *Id.* at 6-9.
[24]  *See generally* Doc. 26.

Minor's motion in any way. The time for briefing has passed, so the Rule 12(b)(6) motions are ripe for disposition.

### A.     Alleged Fourteenth Amendment Violation

As previously noted, Brown was a pretrial detainee at the time of the relevant events, so his claims implicate the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's cruel-and-unusual-punishment provision. However, it does not appear that the United States Court of Appeals for the Third Circuit has established or adhered to a different standard with respect to Fourteenth Amendment pretrial detainee medical indifference claims versus those raised by incarcerated individuals under the Eighth Amendment.[25] Accordingly, the Court will apply existing Eighth Amendment jurisprudence to Brown's Fourteenth Amendment medical indifference claims.

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has

---

[25]    This remains so even following the Supreme Court of the United States' decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which established a different standard for pretrial detainee excessive force claims. *See Moore v. Luffey*, 757 F. App'x 335, 340 & n.2 (3d Cir. 2019) (nonprecedential) (rejecting plaintiff's argument to apply *Kingsley*'s holding to Fourteenth Amendment medical care claim and instead analyzing under Eighth Amendment jurisprudence); *see also Parker v. Butler County*, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); *Goode v. Giorla*, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); *Edwards v. Northampton County*, 663 F. App'x 132, 136-37 (3d Cir. 2016) (nonprecedential) (citing *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).

incarcerated."[26]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[27]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[28]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[29]  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[30]  Claims sounding in mere medical negligence will not suffice.[31]

In his amended complaint, Brown alleges that it took "the jail" 33 days to send him to a follow-up otolaryngologist appointment that should have been scheduled within three days after Brown's release from the hospital.[32]  He claims

---

[26] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[27] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[28] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[29] See *Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[30] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[31] *Rouse*, 182 F.3d at 197.
[32] See Doc. 11 at 2, 3.

that, upon admission to the prison, he underwent an initial health screening by Dr. Minor and Watkins and he showed them his broken left pinky finger.[33] According to Brown, Dr. Minor stated that his otolaryngologist appointment would be scheduled "soon."[34] Brown asserts that it was Watkins' responsibility to schedule his follow-up appointments for his injuries and it took her "44 days" to schedule an appointment for his finger, resulting in serious pain, the need for a more complicated surgery, and loss of function in his finger.[35] Brown additionally alleges that he "fell unconscious" while at the prison but was never seen by medical or taken to an outside hospital despite having recently suffered head trauma.[36] However, he does not aver that either Watkins or Dr. Minor was made aware of this loss-of-consciousness episode.[37]

In her motion to dismiss, Watkins primarily argues that the medical records tell a different story than Brown's rendition of events.[38] Watkins provides prison medical records and grievance paperwork and relies on these documents to rebut Brown's allegations of deliberate indifference.[39] The problem with this approach is that Brown did not attach these documents to his amended complaint or rely on them in his pleadings, so the Court cannot consider them at the Rule 12(b)(6)

---

[33] *Id.* at 2.
[34] *Id.*
[35] *Id.* at 2, 3-4, 5.
[36] *Id.* at 4, 5.
[37] *See id.*
[38] *See* Doc. 22 at 13-15.
[39] *See id.* (citing medical records contained in Doc. 21-1).

7

stage.[40]  Watkins' arguments and supporting evidence are better reserved for summary judgment.  Accordingly, the Court must deny Watkin's Rule 12(b)(6) motion, primarily for the same reasons stated in its October 12, 2022 Memorandum.[41]

Dr. Minor's motion to dismiss, on the other hand, will be granted.  First, Brown has not responded to or opposed Dr. Minor's motion to dismiss in any way.  Thus, under Local Rule of Court 7.6, Dr. Minor's motion is deemed unopposed.[42]

Second, Dr. Minor is correct that Brown's allegations against him do not implicate deliberate indifference to serious medical needs.  Brown's averments indicate only that Dr. Minor physically examined Brown upon his entrance to the prison and told him a follow-up appointment would be scheduled soon.  Brown does not allege that Dr. Minor refused to provide care, denied requests for medical treatment, willfully delayed treatment, or denied treatment for non-medical reasons.  Brown, in fact, alleges that it was Watkins' responsibility to schedule his follow-up appointments and she failed to take the appropriate action.  Brown's allegations against Dr. Minor simply do not reflect "unnecessary and wanton infliction of pain"; at most they implicate negligence for failing to ensure that Brown was promptly scheduled for his follow-up appointments.

---

[40]  *See Mayer*, 605 F.3d at 230 (citing *Pension Benefit Guar. Corp.*, 998 F.2d at 1196).
[41]  *See* Doc. 16 at 8-9.
[42]  *See* LOCAL RULE OF COURT 7.6.

8

Finally, to the extent that Brown *is* alleging a state-law claim of medical negligence against Dr. Minor, that claim must also be dismissed. Brown did not file a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3 within 60 days of filing his complaint.[43] Dr. Minor provided notice to Brown in January 2023 that—if Brown was asserting medical malpractice—he must comply with Pennsylvania Rule of Civil Procedure 1042.3 within 30 days of Dr. Minor's notice.[44] To date, no certificate of merit has been produced by Brown, nor has he asserted that a certificate of merit is not required for his claims.[45] Accordingly, if Brown is attempting to assert a claim of medical negligence against Dr. Minor in his amended complaint, that claim must be dismissed.[46]

### B.     Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[47] The claims against Dr. Minor will be dismissed as follows. The Section 1983 medical indifference claim will be dismissed with prejudice for failure to

---

[43] *See* PA. R. CIV. P. 1042.3(a); *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011) (holding that Pennsylvania's certificate of merit requirement is substantive state law that must be applied by a federal court sitting in diversity).
[44] *See* Doc. 32.
[45] *See* PA. R. CIV. P. 1042.3(a)(3).
[46] *See* PA. R. CIV. P. 1042.7; *see also Schmigel v. Uchal*, 800 F.3d 113, 124-25 (3d Cir. 2015) (noting that 30-days' notice requirement in PA. R. CIV. P. 1042.7 is substantive and must be followed before dismissal of a medical malpractice action).
[47] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

cure deficiencies by previous amendments allowed.[48] The medical negligence claim will be dismissed without prejudice for failure to comply with Pennsylvania Rule of Civil Procedure 1024.3 after appropriate notice.[49]

## III. CONCLUSION

Based on the foregoing, the Court will grant Dr. Minor's motion to dismiss and will deny Watkins' motion to dismiss. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[48] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that leave to amend may be denied due to "repeated failure to cure deficiencies by amendments previously allowed"); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019).

[49] *See Schmigel*, 800 F.3d at 117 n.5 (noting that dismissal for failure to comply with Rule 1024.3—known as entry of "a judgment of non pros" under Pennsylvania law—constitutes a dismissal without prejudice provided that the statute of limitations has not expired).